Frank QUINTANA, Petitioner,

v.

Daniel L. LUNDGREN, et al., Respondents.

No. CV 04–9849 SJO(E).

United States District Court, C.D. California.

April 11, 2005.

Frank Quintana, Coleman, FL, pro se.

Brad D. Levenson, Los Angeles, CA, for Defendant.

## ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

OTERO, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the rec-

ords herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition without prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by United States mail on Petitioner and counsel for Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

EICK, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable S. James Otero, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 01–13 of the United States District Court for the Central District of California.

### PROCEEDINGS

Petitioner, a federal prisoner in Florida, filed a "Petition for Writ of Habeas Corpus By a Person in State Custody 28 U.S.C. § 2254" ("the Petition") on December 3, 2004. On the same date, Petitioner filed points and authorities, styled "Petition for a Writ of Habeas Corpus By a State Prisoner Pursuant to 28 U.S.C. § 2254(d)(1)(2) and 2244(d)(1)(B)" ("Petitioner's Memorandum"). On January 19, 2005, Respondents filed a "Motion to Vacate, etc.," urging the dismissal of the Petition. Petitioner filed opposition to the motion on February 28, 2005.

### BACKGROUND

In 1990, the Los Angeles Superior Court convicted Petitioner of possession for sale of a controlled substance (Petition at 2). The sentence for this conviction fully expired years ago (Exhibit L to Motion; Petitioner's Opposition).

Petitioner currently is serving a federal sentence imposed by the United States District Court for the Southern District of Alabama (Petitioner's Opposition at 2; Exhibit A to Petitioner's Opposition). Petitioner alleges that his 1990 state conviction enhanced his federal sentence (Petitioner's Opposition at 2). The Petition seeks to challenge the validity of the 1990 state conviction on alleged grounds known to Petitioner long before the state conviction expired (Petition; Petitioner's Memorandum).

### DISCUSSION

For the reasons discussed below, the Court lacks jurisdiction to entertain the Petition. Therefore, the Court should deny and dismiss the Petition without prejudice.

■ As Petitioner apparently now recognizes, Petitioner cannot challenge the 1990 conviction under 28 U.S.C. section 2254. Subject matter jurisdiction over section 2254 petitions exists only when, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); 28 U.S.C. §§ 2241(c), 2254(a). A habeas petitioner does not remain "in custody" under a conviction once the sentence imposed for the conviction has "fully expired." *Maleng v. Cook*, 490 U.S. at 492, 109 S.Ct. 1923. The sentence for Petitioner's 1990 state conviction has fully expired.

■ When a federal prisoner purports collaterally to challenge a fully expired conviction used to enhance a federal sentence currently being served, courts often

recharacterize the petition as a section 2255 motion attacking the current sentence. *See Feldman v. Perrill,* 902 F.2d 1445, 1448–49 (9th Cir.1990); *see also Maleng v. Cook,* 490 U.S. at 493–94, 109 S.Ct. 1923. In the present case, however, such a recharacterization would not give this Court jurisdiction over Petitioner's challenge to his expired state conviction. Apart from a narrow exception not here applicable, a prisoner cannot challenge collaterally in federal court, by section 2255 motion or otherwise, an expired state conviction. *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) ("*Coss* "); *Daniels v. United States,* 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) ("*Daniels* ") [1]; *see Steverson v. Summers,* 258 F.3d 520, 523 (6th Cir.2001) (declining recharacterization of petition as a section 2255 motion because *Daniels* and *Coss* "foreclosed the viability" of any such motion).[2]

In *Daniels,* the Supreme Court reiterated the policies expressed in *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994):

Two considerations supported our constitutional conclusion in *Custis:* ease of administration and the interest in promoting the finality of judgments. With respect to the former, we noted that resolving non-Gideon-type constitutional attacks on prior convictions would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records. With respect to the latter, we observe that allowing collateral attacks would inevitably delay and impair the orderly administration of justice and deprive the state court judgment of its normal force and effect. *Daniels,* 532 U.S. at 378, 121 S.Ct. 1578 (citations and quotations omitted).

In prohibiting collateral challenges to expired state convictions, the *Daniels* Court rejected the suggestion that some remedy for unconstitutional state convictions must exist at all times:

"Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in post-conviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. These vehicles for review, however, are not available indefinitely and without limitation ... After an enhanced federal sentence has been imposed ... the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction.... If, however, a

---

1. A prisoner may challenge collaterally in federal court an expired state conviction obtained after the state court refused to appoint counsel for an indigent defendant. *Daniels* at 382, 121 S.Ct. 1578. Petitioner does not allege the state court refused to appoint counsel for him prior to the 1990 conviction. A plurality of the *Daniels* Court also suggested that a prisoner might challenge collaterally in federal court an expired state conviction in the "rare" case "in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his [or her] own." *Daniels,* 532 U.S. at 383, 121 S.Ct. 1578. This possible exception does not here apply. Although Petitioner

complains that his counsel failed to file an appeal, Petitioner could have, but did not, file a petition for writ of habeas corpus in state court many years before his 2002 filing of such a petition.

2. Because this Court refrains from recharacterizing the present Petition as a section 2255 motion, the Court need not undertake the procedures now requisite to any such recharacterization. *See United States v. Seesing,* 234 F.3d 456, 463–64 (9th Cir.2001) (cautioning against the unilateral construction of prisoners' filings as section 2255 motions because of current restrictions on the filing of successive section 2255 motions).

prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), *then that defendant is without recourse.*" *Id.* at 381–82, 121 S.Ct. 1578 (citations and quotations omitted; emphasis added).

■ Moreover, and in any event, a section 2255 motion generally constitutes a federal prisoner's exclusive remedy when collaterally attacking a federal sentence. 28 U.S.C. § 2255; *see Porter v. Adams,* 244 F.3d 1006 (9th Cir.2001); *Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000); 3 Charles A. Wright, Nancy J. King & Susan R. Klein, *Federal Practice and Procedure:* Criminal 2d § 591 (1982). "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under section 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id.* 204 F.3d at 864–65. This "savings clause" exception to section 2255 exclusivity is a "narrow" exception. *United States v. Pirro,* 104 F.3d 297, 299 (9th Cir.1997).

■ To permit a section 2241 "savings clause" exception in the present case would transgress the policies of *Custis* and *Daniels* and circumvent the holding of *Daniels.* *See Broomes v. Ashcroft,* 358 F.3d 1251, 1255 (10th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 809, 160 L.Ed.2d 597 (2004) ("We believe the interests of finality and ease of administration, articulated in *Coss* and *Daniels,* apply with equal force to § 2241 petitions.... Accordingly, we hold a petitioner cannot collaterally attack an expired state court conviction under § 2241"); *cf. Ivy v. Pontesso,* 328 F.3d 1057 (9th Cir.), *cert. denied,* 540 U.S. 1051, 124 S.Ct. 807, 157

L.Ed.2d 702 (2003) ("savings clause" exception to section 2255 exclusivity unavailable where the petitioner once could have brought the desired challenge, but failed to do so). The Court also observes, as an aside, that a section 2241 petition could be brought only in the Middle District of Florida, the place of Petitioner's incarceration. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir.1992); *Dunne v. Henman,* 875 F.2d 244, 249 (9th Cir.1989).

## RECOMMENDATION

Because this Court lacks jurisdiction over the Petition, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying and dismissing the Petition without prejudice.

March 4, 2005.

### *NOTICE*

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.