**John H. THORNTON, Petitioner,**

v.

**Carolyn SABOL, Respondent.**

**Civil Action No. 08–40243–JLT.**

United States District Court,
D. Massachusetts.

June 1, 2009.

John H. Thornton, Ayer, MA, pro se.

Timothy E. Moran, U.S. Attorney's Office, Boston, MA, for Respondent.

## ORDER

TAURO, District Judge.

This court ACCEPTS and ADOPTS the May 7, 2009 Report and Recommendation [# 17] ("Report and Recommendation") of Magistrate Judge Dein. For the reasons set forth in the Report and Recommendation, this court hereby orders that:

1. Petitioner's First *Motion for Release on Conditions Pending Decision on Petition* [# 2] is DENIED.

2. Petitioner's Second *Motion for Release on Conditions Pending Decision on Petition* [# 5] is DENIED.

3. Petitioner's *Motion to Execute the Pending Release on Conditions* [# 6] is DENIED.

4. Petitioner's *Motion for a Temporary Restraining Order* [# 9] is DENIED.

5. Petitioner's *Motion for a Bail Hearing* [# 12] is DENIED.

6. Respondent's *Motion to Dismiss* [# 13] is ALLOWED.

7. Petitioner's *Motion to Expedite* [# 15] is DENIED.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S PENDING MOTIONS

May 7, 2009

DEIN, United States Magistrate Judge.

## I. BACKGROUND

John H. Thornton, who is incarcerated at FMC Devens, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). He challenges his conviction in the Northern District of New York for possession of child pornography in violation of 28 U.S.C. § 2252(a)(5)(B). *See United States v. Thornton,* Crim. No. 05–00115–GLS (N.D.N.Y.).[1] After negotiating a plea agreement, Thornton entered a guilty plea and was convicted. *See id.,* docket entries # 3, # 4. He was later sentenced by Judge Gary L. Sharpe to a term of imprisonment of sixty months. *See id.,* docket entries # 27, 29. Thornton did not appeal his conviction or sentence.[2]

On October 13, 2006, Thornton filed a motion under 28 U.S.C. § 2255 ("§ 2255") in the Northern District of New York, claiming that his plea was not voluntary. *See Thornton v. United States,* C.A. No. 06–01252–GLS (N.D.N.Y.). Thornton was represented in his habeas petition by Attorney William Kent. Thornton claimed that, prior to his plea, his privately-re-

---

1. A copy of the docket sheet is attached to the government's motion to dismiss (Docket No. 13). The court may take judicial notice of proceedings in other relevant cases. *See Rodi v. So. N.E. Sch. of Law,* 389 F.3d 5, 19 (1st Cir.2004).

2. Under the plea agreement, Thornton waived all rights to appeal or collaterally attack his conviction and any sentence greater than 60 months.

tained trial counsel, Stephen R. Coffey, had told him that the prosecutor had threatened to seize all of Thornton's assets (beyond the forfeiture provided for in the plea agreement) and prosecute Thornton's wife if Thornton did not agree to plead guilty. Further, Thornton contended, he would not have pled guilty absent these threats. Thornton also alleged that the court's inquiry into the voluntariness of his plea had been inadequate. The § 2255 petition was denied in a lengthy Decision and Order issued by District Judge Sharpe dated October 26, 2007 (the "§ 2255 Dec."),[3] which addressed Petitioner's claims and rejected them on the merits. Thornton's appeal of the denial of the § 2255 motion was dismissed after Judge Sharpe and the Second Circuit denied Thornton's motions for a certificate of appealability. *See Thornton,* C.A. No. 06–01252–GLS (N.D.N.Y.), docket entries # 27, # 28.

Petitioner commenced the instant action under 28 U.S.C. § 2241 on December 16, 2008, challenging his conviction on the grounds that his plea was not voluntary and that his plea colloquy was defective. In addition to reasserting the claims made in his § 2255 petition, Thornton also claims that he has newly discovered evidence confirming the government's alleged threat to seize Thornton's assets and to prosecute his wife. Thornton has also filed a number of motions seeking his immediate release and an expedited resolution of his petition, and seeking to halt collection efforts toward the payment of his fine.

The Respondent has opposed Thornton's motions and moved to dismiss the § 2241 petition for lack of jurisdiction. The Respondent argues that Thornton's challenge to his conviction is improperly raised in a § 2241 petition, and that Thornton's sole remedy to challenge the voluntariness of his plea is through a § 2255 motion. Such a motion must be filed either in the sentencing court, or, for a second petition, in the Court of Appeals for the sentencing court. Because this court agrees that this action was not properly brought under § 2241, and that this court lacks jurisdiction to hear the petition, this court recommends to the District Judge to whom this case is assigned that the Respondent's Motion to Dismiss (Docket No. 13) be ALLOWED. Consequently, this court further recommends that the Petitioner's motions, itemized below, be DENIED.

## II. *DISCUSSION*

█ Under 28 U.S.C. § 2255,
[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court *which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). Although the text refers to a prisoner's ability to move to vacate a "sentence," it is beyond dispute that a motion under § 2255 is also a vehicle by which a prisoner may challenge his federal conviction. *See Trenkler v. United States,* 536 F.3d 85, 96 (1st Cir.2008) (28 U.S.C. § 2255 "was intended to provide a federal prisoner with an exclusive means of challenging the validity of his conviction or sentence"). Petitions under § 2255 must be brought in the sentencing jurisdiction. *See Hernandez v.*

---

**3.** A copy of the § 2255 Decision is also attached to the Respondent's motion to dismiss

(Docket No. 13).

*Campbell*, 204 F.3d 861, 865 (9th Cir.2000). Moreover, Congress, in enacting the Antiterrorism and Effective Death Penalty Act ("AEDPA") severely limited a petitioner's right of review under § 2255. Thus, before filing a second or successive § 2255 petition in the district court, the movant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "Under this paradigm, a second or successive habeas petition is not a matter of right—and the gatekeeping function belongs to the court of appeals, not to the district court." *Libby v. Magnusson*, 177 F.3d 43, 45 (1st Cir.1999), and cases cited. In the instant case, if Thornton's petition is properly construed as a § 2255 petition, it is in the wrong jurisdiction and the wrong court.

■ Thornton argues that his petition is appropriately brought under 28 U.S.C. § 2241. In contrast to § 2255, a "motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir.2001). There is no question that Thornton has not brought such a claim. Nevertheless, he contends that he may challenge his conviction through a petition under § 2241 pursuant to the "savings clause" of § 2255. That provision allows a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Hernandez*, 204 F.3d at 864–65, and cases cited. *See also* 28 U.S.C. § 2255(e). Thornton, however, has failed to establish that the "extraordinary circumstances" warranting the application of this savings clause is available in the in-

stant case. *See Gonzalez v. United States*, 150 F.Supp.2d 236, 243–44 (D.Mass.2001), and cases cited. The "courts are very clear that a petitioner cannot evade the restrictions of § 2255 by resorting to § 2241." *Id.* at 241, and cases cited.

A motion under § 2255 is inadequate or ineffective "only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant *any* opportunity for judicial rectification.'" *Trenkler*, 536 F.3d at 99 (quoting In re *Davenport*, 147 F.3d 605, 611 (7th Cir.1998)). Moreover, "[a] petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because the petitioner cannot meet the AEDPA 'second or successive' requirements." *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir.1999). Despite Thornton's careful preparation of the habeas petition and supplement thereto, Thornton has not shown that a motion under § 2255 is inadequate or ineffective to challenge his conviction. Thornton had ample opportunity to challenge the voluntariness of his plea in his earlier § 2255 motion in front of Judge Sharpe. Judge Sharpe fully considered, and rejected, Thornton's claim his plea had been coerced based on a purported threat by the prosecutor. Judge Sharpe did not find Thornton's claim to be credible, and explained the basis for his conclusion. The fact that Thornton was dissatisfied with the outcome of his § 2255 motion does not render a motion under § 2255 "inadequate or ineffective" to test the legality of his conviction. Thornton was not denied "*any* opportunity for judicial rectification.'" *Trenkler*, 536 F.3d at 99. Thus, Thornton cannot resort to a § 2241 petition to challenge his conviction.

■ Thornton's argument that new evidence has become available to him since the denial of his § 2255 motion does not alter this Court's conclusion that a § 2255 motion is not ineffective or inadequate.

Assuming, *arguendo*, that the information Thornton now seeks to introduce could warrant a successive § 2255 motion on the ground of newly discovered evidence, *see* 28 U.S.C. § 2255(h), the Second Circuit, not this court, is the proper forum to consider Thornton's argument.

### III.  *CONCLUSION*

For the reasons detailed herein, this court recommends[4] that the Respondent's Motion to Dismiss (Docket No. 13) be ALLOWED.   In light of this conclusion, the court further recommends that the following motions filed by the Petitioner be DENIED:

1.   Motion for Release on Conditions Pending Decision on Petition (Docket No. 2);

2.   Motion for Release on Conditions Pending Decision on Petition (Docket No. 5);

3.   Motion to Execute the Pending Release on Conditions (Docket No. 6);

4.   Motion for a Temporary Restraining Order (Docket No. 9);

5.   Motion for a Bail Hearing (Docket No. 12); and

6.   Motion to Expedite (Docket No. 15).

---

[4].   The parties are hereby advised that under the provisions of Fed.R.Civ.P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.   The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.   *See* *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988);   *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986);   *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604–05 (1st Cir.1980);   *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982);   *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983);   see also *Thomas v. Arn*, 474 U.S. 140, 153–54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985).   *Accord Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3–4 (1st Cir.1999);   *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994);   *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998).