NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM,
*Petitioner.*

---

Miscellaneous Docket No. 974

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in case no. 10-CV-3595, Judge Saundra Brown Armstrong.

## ON PETITION

---

Before BRYSON, LINN, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

## ORDER

The Board of Regents of the University of Texas System (Board) petitions for a writ of mandamus to direct the United States District Court for the Northern District of California to vacate its order transferring the case to the United States District Court for the Eastern District of Texas. Western Digital Technologies, Inc. and Hitachi Global Storage Technologies, Inc. (collectively "the respondents") oppose. The Board replies. The Board also

moves to stay proceedings in the Eastern District of Texas.

In 2009, Dr. Carl B. Collins and Dr. Farzin Davanloo filed a patent infringement suit in the Eastern District of Texas against numerous defendants including Western Digital and Hitachi. That complaint alleges, inter alia, that Collins and Davanloo conceived of and reduced to practice the subject matter of the patents-in-suit at The University of Texas at Dallas. According to the complaint, Collins and Davanloo reside in Texas. The complaint alleges that Collins and Davanloo are the named inventors and own all rights, title and interest because of an assignment from the Board. Some of the defendants, including Western Digital and Hitachi, filed a motion to dismiss, asserting that the patent assignment was invalid and that Collins and Davanloo lacked standing to sue. That motion is pending before the Eastern District of Texas.

On the same day that they moved to dismiss the Eastern District of Texas action, Western Digital and Hitachi filed a complaint in the Northern District of California seeking a declaratory judgment of noninfringement, invalidity, unenforceability, and a determination concerning ownership of the patents involved in the Texas suit. The named defendants include Collins, Davanloo, and the Board. Collins and Davanloo moved to dismiss the complaint or transfer the case to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). The Board moved to dismiss the action for lack of subject matter jurisdiction, lack of personal jurisdiction, lack of proper venue pursuant to 28 U.S.C. § 1406(a), and due to its asserted sovereign immunity.

The Northern District of California granted Collins' and Davanloo's motion to transfer the action to the Eastern District of Texas and denied their motion to dismiss as moot. The Northern District of California also held

that venue as to the Board was improper in the Northern District of California, and instead of dismissing the portion of the case against the Board, the district court ordered that it be transferred with the claims against Collins and Davanloo. The Northern District of California denied the remainder of the Board's motion as moot and stated that it was not reaching the issues of subject matter jurisdiction, personal jurisdiction, and sovereign immunity. Regarding the first two issues raised by the Board, the Northern District of California held that it was not required to reach those issues, citing, inter alia, *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 423 (2007) ("Although a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the cause (subject matter jurisdiction) and the parties (personal jurisdiction) . . . there is no mandatory sequencing of nonmerits issues . . . . A court has leeway, to 'choose among threshold grounds for denying audience to a case on the merits . . . .") (internal citations omitted).

The Board petitions for a writ of mandamus to challenge the transfer order. The remedy of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988) A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

The Board has not met this standard. The Board argues (1) that the Northern District of California could not transfer the case without first adjudicating its asserted sovereign immunity, and (2) that the case should not have been transferred because both the Northern District of California and the Eastern District of Texas lack subject

matter jurisdiction over the declaratory judgment action due to a lack of an actual controversy.

The Board's first argument is without merit. The Board cites to cases that hold that a district court cannot transfer to another district court without first determining if the transferee court is one in which the action could have been brought. We agree with those cases, of course, as the requirement is in the statute. A district court may transfer under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) to "any district or division in which it could have been brought." The cases cited by the Board hold that the transferee district must be one which would have personal jurisdiction over the defendants. Here there is no dispute that the Eastern District of Texas has personal jurisdiction over the Board. The Northern District of California stated that the Board "admits that this action could have been brought in the Eastern District of Texas in its motion to dismiss for improper venue." ·The Board seems to argue that the Northern District of California could not transfer to the Eastern District of Texas because the Board has a defense to the suit in any district court, an argument that is not supported by the cases it cites.

In any event, the Board has not shown that a trial court is required to decide a defense before determining whether to transfer an action. Admittedly, there is not complete clarity from the Supreme Court whether Eleventh Amendment immunity is a defense or a jurisdictional restriction. However, the Supreme Court's statements indicate it is considered a defense that has a result much like jurisdictional considerations. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 678 (1974) ("The Court of Appeals apparently felt the defense was properly presented, and dealt with it on the merits. We approve of this resolution, since it has been well settled since the decision in *Ford Motor Co. v. Department of Treasury*, [323 U.S. 459 (1945)], that the Eleventh Amendment

defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court"); *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998) (Eleventh Amendment immunity "is jurisdictional in the sense that it is a limitation on the federal court's judicial power, and therefore can be raised at any stage of the proceedings, [although] we have recognized that it is not coextensive with the limitations on judicial power in Article III.") (citations omitted); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997) ("The Amendment, in other words, enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction."). In any event, the Board asserts harm in having to raise the sovereign immunity defense before the Eastern District of Texas and requests that we decide the sovereign immunity issue without that trial court first having done so. The Eastern District of Texas is in a far better position than this court to decide this issue in the first instance. If the district court denies the Board's immunity, the Board can of course immediately appeal and seek review of that issue before entry of final judgment, thus eliminating any harm asserted by the Board that it might face an unnecessary trial. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) ("We hold that States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity."). Thus, the Board has not established a lack of alternative means to obtain the relief desired and has also failed to establish that prerequisite for mandamus relief.

Regarding the Board's second issue, that the transfer was improper because the district court had to first determine whether it had subject matter jurisdiction, we note that it appears the district court transferred the

portion of the case concerning the Board pursuant to 28 U.S.C. § 1406(a). The Board argues that the Ninth Circuit has held that a district court should not transfer a case pursuant to 28 U.S.C. § 1406(a) without first determining whether it has subject matter jurisdiction over the case. *Hernandez v. Campbell*, 204 F.3d 861, 865 n.6 (9th Cir. 2009). We note that the Ninth Circuit in the *Hernandez* opinion was reviewing the transfer determination after a final judgment in that case. That is an important distinction, because the Supreme Court has held that courts of appeals should not review, by mandamus, transfer orders issued under Section 1406(a) because the parties can obtain effective review of the transfer order by appealing from the final judgment. *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953) ("whatever 'judicial inconvenience and hardship' may exist here will remain, after transfer, within the realm of the same court of appeals which has denied the writ, since both of the districts are within that circuit; and it is not clear that adequate remedy cannot be afforded petitioner in due course by that court to present some of the conflicts and procedural problems anticipated."). In other words, arguments concerning lack of subject matter jurisdiction can be effectively made on appeal from a final judgment, and thus mandamus is not appropriate absent extraordinary circumstances not presented by the petitioner here.

Thus, following the admonition of the Supreme Court's statement in *Bankers Life*, we decline to consider at this interlocutory stage the petitioners' arguments concerning subject matter jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) The motion is moot.

IN RE BOARD OF REGENTS

FOR THE COURT

**AUG 1 7 2011**

Date

/s/ Jan Horbaly

Jan Horbaly

Clerk

cc:  Michael W. Shore, Esq.
Scott D. Baskin, Esq.
U.S. District Court, E.D. Texas, Clerk
U.S. District Court, N.D. California, Clerk

s8

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**AUG 1 7 2011**

**JAN HORBALY**
**CLERK**