**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMMY L. PAGE, | No. 13-17352 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-03721-WHA |
| v. | |
| AUDREY KING, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted September 16, 2015
San Francisco, California

Before: CHRISTEN and FRIEDLAND, Circuit Judges and LEMELLE,[**] Senior
District Judge.

    Sammy L. Page ("Page") appeals the district court's denial of his motion,

filed pursuant to Fed. R. Civ. P. 60(b)(6), for reconsideration of the district court's

order dismissing his 28 U.S.C. § 2241 habeas corpus petition. Page's § 2241

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

petition challenged the basis for his pre-trial detention while awaiting resolution of a 2006 petition, filed by Alameda County pursuant to the California Sexually Violent Predators Act ("SVPA"), to recommit him as a sexually violent predator. Cal. Welf. & Inst. Code § 6600 et seq. We vacate the district court's denial of Page's Rule 60(b) motion and remand to the district court so it can reconsider whether it had jurisdiction over the motion and Page's § 2241 petition.

In November 1997, after Page served a full jail sentence for a prior conviction, California petitioned to civilly commit him under the SVPA. A year later, after appointment of a public defender and Page's personal waiver of the time for a probable cause hearing, the superior court held the hearing and determined that there was probable cause to hold Page pending trial. Five years later, in May 2004, the superior court held a trial on the petition and committed Page for a two-year term. Before the end of the two-year term, California petitioned to recommit Page to a second two-year term. In May 2006, the superior court found probable cause to detain Page until trial on the recommitment petition. This decade-old probable cause hearing was the last time a judge reviewed Page's civil commitment. After a change in state law, California amended its petition to request Page's indefinite commitment. The superior court has continued Page's

recommitment proceedings at least twenty-eight times over the last ten years. The record before us does not disclose the causes of this considerable delay.[1]

In 2012, Page filed this § 2241 petition in the Northern District of California. In it, Page asserted that recent developments in the field of psychiatry call into question the diagnosis that served as the basis for his commitment in 2004. Page contended that he had no opportunity to present this new evidence in either his original commitment proceeding or any subsequent proceeding. When Page's § 2241 petition was presented to the district court, a probable cause hearing was scheduled in Page's recommitment proceeding, and the district court dismissed the petition based on *Younger v. Harris*, 401 U.S. 37 (1971). This court affirmed that dismissal in January 2013. In July 2013, Page filed a "Motion for Relief," which the district court ultimately construed as a Federal Rule of Civil Procedure 60(b) motion for reconsideration of its earlier order dismissing Page's habeas petition. The district court denied Page's Rule 60(b) motion in a roughly one-page order, finding that it merely "reiterate[d] arguments [Page] made on

---

[1] In pending motions, Page asks us to take judicial notice of various documents, including portions of the record in his state recommitment proceeding. We grant Page's motion as to this state court record but deny the remainder of Page's motions as moot.

appeal that the analysis underlying the dismissal of his [habeas] petition was erroneous."

Page now argues on appeal of the denial of his "Motion for Relief" that, pursuant to this court's decision in *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (en banc), or, alternatively, pursuant to the bad-faith exception to *Younger*, *see Gilbertson*, 381 F.3d at 983-84, the original dismissal under *Younger* was improper. Page also argues that the state court proceedings were not actually ongoing for purposes of *Younger*, because, at the time Page filed his § 2241 petition, he had been detained pursuant to the recommitment petition for over six years awaiting trial. When the district court decided both the petition and the subsequent Rule 60(b) motion, Page awaited a recently-scheduled new probable cause hearing on updated psychiatric evaluations in his state suit. But after his § 2241 petition and motion for reconsideration were denied, the hearing was vacated.

We do not resolve the merits of Page's appeal because there is a more fundamental question that went unanswered in the district court's orders: whether the district court had jurisdiction to issue them. As a general rule, § 2241 petitions "must be heard in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Because Page is confined in Fresno County, his

custodial court was the district court encompassing that County–the Eastern District of California. 28 U.S.C. § 84. Page filed his suit in the Northern District of California, the district court encompassing Alameda County, where the recommitment petition is pending. *Id.*

We vacate the district court's order denying Page's Rule 60(b) motion and remand so that the district court can consider whether it had jurisdiction to decide the motion and Page's § 2241 petition. If the district court decides that it lacked jurisdiction, it should vacate its order denying the § 2241 petition and transfer this matter to the Eastern District.

**VACATED AND REMANDED.**

Each party shall bear its own costs in this case.