**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

OCT 27 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS DESHAWN WRIGHT, | No. 16-17033 |
| Petitioner-Appellant, | D.C. No. 4:16-cv-00422-RM |
| v. | |
| J. T. SHARTLE; et al., | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted October 23, 2017[**]

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Federal prisoner Marcus Deshawn Wright appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the dismissal of a section 2241 petition, *see Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm.

Wright claims that Bureau of Prisons officials have unconstitutionally prevented him from litigating his criminal conviction by seizing his mail and sanctioning him with the loss of phone, visitation, and email correspondence privileges. These claims are not cognizable under section 2241 because they do not concern the manner, location, or conditions of his sentence's execution. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Rather, as the district court concluded, the appropriate remedy for Wright's claims lies in a civil rights action under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). *See Bounds v. Smith*, 430 U.S. 817 (1977) (recognizing right of prisoners to seek relief under 42 U.S.C. § 1983 for denial of access to the courts); *Gibson v. United States*, 781 F.2d 1334, 1341 (9th Cir. 1986) (*Bivens* is "the judicially crafted counterpart to section 1983"). Moreover, to the extent that Wright claims that he has been improperly housed in the Special Housing Unit ("SHU"), this claim is moot because Wright is no longer housed in the SHU. *See Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997).

All pending motions are denied.

**AFFIRMED.**