**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK LINNEAR HAYS,

          Petitioner-Appellant,

  v.

RANDY L. TEWS,

          Respondent-Appellee.

No.   15-56593

D.C. No.
2:14-cv-05081-DMG-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Hon. Dolly M. Gee, District Judge, Presiding

Submitted November 6, 2018[**]
Pasadena, California

Before: RAWLINSON and HURWITZ, Circuit Judges, and BOUGH,[***] District Judge.

Mark Hays (Hays) appeals the district court decision dismissing for lack of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

jurisdiction his habeas petition filed under 28 U.S.C. § 2241 (§ 2241). "We review de novo the dismissal of a habeas petition." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (citation omitted).

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or [28 U.S.C.] § 2255 [(§ 2255)] before proceeding to any other issue. . . ." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Challenges to the legality of a sentence must be filed under § 2255 in the court where the defendant was sentenced. *See id.* at 864. On the other hand, challenges to the "conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* (citations and footnote reference omitted).

It is undisputed that Hays challenges the legality of his sentence. Specifically, Hays asserts that: (1) his two robbery convictions under California Penal Code § 211 were not "serious violent felonies" under 18 U.S.C. § 3559 (§ 3559); (2) his robbery conviction under 18 U.S.C. § 1951 (§ 1951) was not a "serious violent felony" under § 3559 after *Johnson v. United States*, 135 S.Ct. 2551 (2015); and (3) he is actually innocent of the 18 U.S.C. § 924(c)(3) conviction because § 1951 robbery is not a "crime of violence."

Ordinarily, Hays would be precluded from bringing this § 2255 challenge

2

outside the Texas sentencing court. *See Hernandez*, 204 F.3d at 864. However, Hays seeks to avail himself of the "escape hatch" that permits a habeas petitioner to challenge the legality of his sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of his detention." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) (citation omitted). A petitioner "meets the escape hatch criteria" only if he has not had "an unobstructed procedural shot" to present his claims. *Id.* at 959 (citation omitted). Absent such a showing, this court lacks jurisdiction to consider the habeas petition. *See id.* at 962.

While this appeal was pending, Hays presented his claims to the Fifth Circuit, and they were denied. Hays does not "qualify for the escape hatch" because he had this "unobstructed procedural shot" to present his claims. *Id.* at 956, 959 (citation omitted). Accordingly, we AFFIRM the judgment of the district court dismissing the habeas petition for lack of jurisdiction.