**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS CREIGHTON SHRADER,

Petitioner-Appellant,

v.

B. W. PLUMLEY,

Respondent-Appellee.

No.  18-15905

D.C. No. 1:17-cv-01338-LJO-JDP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Federal prisoner Thomas Creighton Shrader appeals pro se from the district court's judgment denying his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Tablada v. Thomas,* 533 F.3d 800, 805 (9th Cir. 2008), we vacate and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

When, as here, a party files written objections to the magistrate judge's findings and recommendations, the district judge is required to conduct a de novo review of the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(C). The errors in the district judge's order adopting the magistrate judge's report, including the references to Shrader as a state prisoner proceeding under 28 U.S.C. § 2254 and constitutional claims which Shrader did not raise, suggest that he may not have conducted such a review in this case. Accordingly, we vacate the judgment and the May 10, 2018, order, and remand for the district judge to conduct a de novo review of the findings and recommendations.[1]

In light of this decision, we need not address Shrader's remaining arguments.

Shrader's motion to take judicial notice of his objections to the magistrate judge's findings and recommendations and rebuttal to the government's response is denied as unnecessary. Those documents were included in the government's supplemental excerpts of record and have been considered.

**VACATED and REMANDED.**

---

[1] To the extent Shrader challenged the Bureau of Prisons' calculation of his release date, the district court had jurisdiction under 28 U.S.C. § 2241, and we therefore reject the government's argument to the contrary. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).