**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50125 |
| Plaintiff-Appellee, | D.C. No. 2:04-cr-00186-CBM-9 |
| v. | |
| JOSE TORRES-HURTADO, AKA Miguel Angel Corraliza Sanchez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Jose Torres-Hurtado appeals pro se from the district court's order denying

his "Motion Requesting District Court to Clarify its Order Regarding Sentence

Imposed." We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Torres-Hurtado's motion argued that the Bureau of Prisons ("BOP") had

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failed to effectuate the district court's order to run his 240-month sentence for conspiracy to distribute cocaine concurrent to his 77-month sentence for illegal reentry. He requested that the district court clarify the sentence, "reissue" its order, resentence him, or consider his circumstances and grant him relief. The district court properly denied Torres-Hurtado's motion. As the district court found, there was no ambiguity in its sentencing order that required correction. Furthermore, the district court correctly concluded that (1) it lacked authority to modify Torres-Hurtado's sentence, *see* 18 U.S.C. § 3582(b), (c); and (2) Torres-Hurtado was not entitled to any relief because his prior illegal reentry sentence had expired prior to imposition of the instant sentence, *see* 18 U.S.C. § 3584(a) (a sentence may be run concurrently to a separate *undischarged* term of imprisonment (emphasis added)). Insofar as Torres-Hurtado challenged the BOP's execution of his sentence, the district court correctly observed that such a claim must be brought in a 28 U.S.C. § 2241 habeas petition in the Eastern District of California, where Torres-Hurtado is imprisoned. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

Torres-Hurtado also argues that the failure to run his sentences concurrently amounted to a breach of his plea agreement. We decline to consider this claim because it was not properly raised before the district court. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

19-50125