NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROYLAND RICE, | No. 21-16200 |
| Petitioner-Appellant, | D.C. No. 2:21-cv-00649-JAM-CKD |
| v. | |
| PAUL THOMPSON, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 14, 2021**

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Federal prisoner Royland Rice appeals pro se from the district court's

judgment summarily dismissing his petition for a writ of habeas corpus under 28

U.S.C. § 2241.[1]  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Rice's motion to proceed in forma pauperis on appeal is granted.

novo, *see Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011), we vacate and remand.

Rice's § 2241 petition alleges that, after he received a $1,200 stimulus payment pursuant to the CARES Act, the Bureau of Prisons ("BOP") violated his due process rights when it sought to increase the monthly restitution payments he makes through the Inmate Financial Responsibility Program. The district court construed these allegations as pertaining to Rice's conditions of confinement and determined he should have raised them in a civil rights action. However, Rice's challenge is to the execution of the restitution award, which is properly raised in a § 2241 habeas petition. *See United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008) (reviewing denial of a § 2241 petition challenging the execution of a restitution award); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). Accordingly, we vacate and remand for further proceedings.

We express no opinion as to the merits of Rice's claims or as to whether he has exhausted those claims. Rice's motions for appointment of counsel and for an injunction requiring the BOP to terminate his refusal status are denied without prejudice to renewal before the district court.

**VACATED and REMANDED.**