John Lee IVY, Petitioner–Appellant,

v.

Stephen F. PONTESSO, Respondent–Appellee.

No. 00–16381.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Filed April 30, 2003.

Rehearing Denied May 29, 2003.

Michael L. Burke, Assistant Federal Public Defender, Phoenix, AZ, for the appellant.

Michael A. Rotker, Assistant United States Attorney, Washington, DC, for the appellee.

Before: SNEED, McKEOWN and PAEZ, Circuit Judges.

## OPINION

SNEED, Circuit Judge.

### OVERVIEW

■ John Lee Ivy ("Ivy") petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2241. He claims that he is actually innocent of the crime for which he was convicted—engaging in a continuing criminal enterprise ("CCE")—but is unable to raise this claim under 28 U.S.C. § 2255. Ivy claims that this renders § 2255 an "inadequate or ineffective" remedy, and that he is thereby entitled to seek relief under § 2241. The district court held that Ivy had not demonstrated that § 2255 was an "inadequate or ineffec-

tive" remedy, and thus rejected his petition to proceed under § 2241. The court then dismissed his claim.[1] We review that dismissal and affirm.

### BACKGROUND

In 1993, a federal grand jury in the Eastern District of Missouri returned a fifteen-count indictment charging Ivy and twelve others with conducting an illegal drug organization. Ivy was charged in Counts I, II, III, V and XIV. Count V, which is the subject of the present petition, charged Ivy with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a)(1).

■ A person is guilty of engaging in a continuing criminal enterprise if he commits a "continuing series of violations" of federal narcotics laws. 21 U.S.C. § 848(c) (1994). A "continuing series of violations" is three or more violations of Title 21. See *United States v. Garcia,* 988 F.2d 965, 967 (9th Cir.1993). The indictment listed Counts I, II and III as the "continuing series of violations" supporting the CCE charge.

Although Ivy pleaded guilty to Count V, he now claims that he is actually innocent because the indictment against him did not charge the requisite three violations of Title 21. While Counts I and II charged violations of Title 21,[2] Count III charged a violation of Title 18.[3] Thus, Ivy claims, the

---

1. The district court dismissed Ivy's claim for lack of jurisdiction once it determined that he was not entitled to proceed under § 2241, and instead should have sought relief under § 2255. A § 2255 motion must be filed in the court of conviction, which in this case is the United States District Court for the Eastern District of Missouri, not the District of Arizona, where he was incarcerated at the time he filed this petition. *See Dunne v. Henman,* 875 F.2d 244, 249–50 (9th Cir.1989).

2. Count I charged Ivy with conspiracy to possess and distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a) and (b), and listed 47 overt acts in furtherance of that conspiracy. Count II charged Ivy with possession of crack cocaine in violation of 21 U.S.C. §§ 841(a) and (b).

3. Count III charged Ivy with using and carrying a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c).

indictment was defective and he is legally innocent of the CCE charge.

Ivy has already challenged his conviction several times. He appealed for the first time in 1995, claiming that the sentencing court miscalculated his criminal history category. This appeal was unsuccessful. *See United States v. Ivy,* 45 F.3d 254 (8th Cir.1995). Ivy also filed a petition for a writ of habeas corpus under § 2255 in 1995, claiming that his CCE conviction violated double jeopardy because of a prior civil forfeiture order. The district court denied his motion and the Eighth Circuit affirmed. *See Ivy v. United States,* 82 F.3d 421, 1996 WL 170456, at *1 (8th Cir. April 12, 1996).

Ivy filed two more § 2255 motions in 1997 and 1999 respectively. Both were denied as "second or successive" petitions under the newly-enacted Antiterrorism and Effective Death Penalty Act ("AED-PA"). *See* Pub.L. No. 104–132, §§ 105–106, 110 Stat. 1214, 1220 (1996). On March 10, 2000, Ivy filed the present motion seeking relief under 28 U.S.C. § 2241 from the United States District Court for the District of Arizona, the district in which he was then incarcerated. The district court dismissed Ivy's petition, holding that because he had not shown § 2255's remedy to be "inadequate or ineffective," he was not entitled to invoke that court's jurisdiction under § 2241. This Court affirmed the dismissal. *See Ivy v. United States Dist. Court,* 29 Fed. Appx. 567 (unpublished). However, the Court withdrew its memorandum disposition after Ivy filed a petition for rehearing, claiming that he was "legally innocent" of the CCE charge. The panel appointed the Federal Public Defender to represent Ivy and requested further briefing on the question whether "Ivy's claim of actual innocence entitles him to possible relief under 28 U.S.C. § 2241."

## DISCUSSION

We review the dismissal of a habeas petition de novo. *See Miranda v. Reno,* 238 F.3d 1156, 1158 (9th Cir.2001), *cert denied,* 534 U.S. 1018, 122 S.Ct. 541, 151 L.Ed.2d 419. "In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." *Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir.2000) (citing *United States v. Pirro,* 104 F.3d 297, 299 (9th Cir.1997)). However, a prisoner may proceed under § 2241 if he can show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. This Court has not fully explained when § 2255's remedy is "inadequate or ineffective." *See Lorentsen,* 223 F.3d at 953–54; *Pirro,* 104 F.3d at 299. However, we have stated that this exception is narrow, *Pirro,* 104 F.3d at 299, and that § 2255's remedy is not "inadequate or ineffective" merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition, *Lorentsen,* 223 F.3d at 953.

Ivy acknowledges that he is procedurally barred from raising his present claim by § 2255 motion. He attempted to raise this same claim in his third § 2255 motion before the Eighth Circuit in 1999, and that court denied him permission to proceed with it in the district court. He does not claim that this alone renders § 2255's remedy "inadequate or ineffective." Rather, Ivy's position is that § 2255's remedy is "inadequate or ineffective" because it has precluded him from ever obtaining review of his claim of actual innocence.

We have not had occasion to decide when a claim of actual innocence entitles a petitioner who is procedurally barred from filing a second or successive motion under § 2255 to seek relief under § 2241. Our sister circuits, however, have held that

§ 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) legally innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim. *See Lorentsen,* 223 F.3d at 954; *see also Reyes–Requena v. United States,* 243 F.3d 893, 903 (5th Cir.2001); *Wofford v. Scott,* 177 F.3d 1236, 1244 & n. 3 (11th Cir.1999); *In re Davenport,* 147 F.3d 605, 609–11 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997). In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

In *Triestman,* for example, the petitioner pleaded guilty to "using" a gun as part of a drug crime, in violation of 18 U.S.C. § 924(c). 124 F.3d at 363. However, the agreement on which his plea was based stated only that he had "possessed" the gun. *Id.* at 363–64. Subsequent to his conviction, the Supreme Court declared in *Bailey v. United States,* 516 U.S. 137, 148, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) that the term "uses" in § 924(c) requires active use, not just mere possession. On these facts, the petitioner had a colorable claim that he was "actually innocent" of "using" a gun during the commission of a drug crime. *Triestman,* 124 F.3d at 364. Yet because his claim was not based on newly discovered evidence, or a new rule of constitutional law made retroactive on collateral review, he was procedurally barred from raising it in a second § 2255 motion. *See id.* at 369; 28 U.S.C. § 2255. The Second Circuit held that the § 2255 remedy was "inadequate or ineffective" and the petitioner was entitled to seek relief under § 2241. 124 F.3d at 376–77; *see also Dorsainvil,* 119 F.3d at 251 (reaching the same result under similar circumstances).

Although Ivy was charged with using a gun in the commission of a drug crime, he does not raise a *Bailey* claim in this case. Rather, he claims that the indictment against him was defective because it did not properly allege three violations of Title 21, as the CCE statute requires. Ivy's claim has been available since the day he was indicted. It could have been raised at any time prior to or during trial, or on direct appeal. *See* Fed.R.Crim.P. 12(b)(3)(B) (formerly 12(b)(2)); *United States v. James,* 980 F.2d 1314, 1316 (9th Cir.1992) ("A claim of a defective indictment can be raised at any time ...."); *United States v. Just,* 74 F.3d 902, 904 (8th Cir.1996) ("[T]he sufficiency of an indictment is a jurisdictional issue that may be raised at any time...."). He also could have raised his innocence claim in his initial § 2255 petition. Thus he has not been denied a chance to present it. Consequently, the fact that he is procedurally barred from raising it now does not mean that § 2255's remedy was "inadequate or ineffective."

Nonetheless, Ivy argues that his present claim did not "accrue" until the Supreme Court's decision in *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), and thus that he has not had an unobstructed procedural shot at raising it and obtaining review on the merits. Ivy is incorrect. First, *Richardson* did not change the law in any way relevant to Ivy's claim. The question before the Court in *Richardson* was whether a jury must unanimously agree on each of the three violations that comprise the series of violations of Title 21 that constitutes a continuing criminal enterprise. *See* 526 U.S. at 815, 119 S.Ct. 1707; 21 U.S.C. § 848(c)(2). *Richardson* did not address what properly constitutes a "violation" or the number of such violations required to sustain a CCE charge, the issues central to Ivy's present claim. *See* 526 U.S. at

818, 119 S.Ct. 1707 ("We assume, but do not decide, that the necessary number [of predicate violations] is three . . . .").

Second, the law was clear at the time of Ivy's indictment, trial and direct appeal that a CCE charge required three predicate violations of Title 21. *See United States v. Maull,* 806 F.2d 1340, 1343 (8th Cir.1986) ("continuing series of violations of *federal narcotics laws* ") (emphasis added); *United States v. Becton,* 751 F.2d 250, 254 (8th Cir.1984) (requiring three violations of federal narcotics laws). It is simply not true, therefore, that the legal basis for his present petition did not arise until after he had exhausted his direct appeal and first § 2255 motion.

To the extent that Ivy may have a viable claim of innocence, something we do not decide, he has not been denied an unobstructed procedural opportunity to present it. For that reason, § 2255 does not provide an inadequate or ineffective remedy. The district court was therefore correct in rejecting his § 2241 petition and dismissing his claim for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED.