**914**

William G. MOORE, Plaintiff—
Appellant,

v.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
WASHINGTON, United States of
America, Real Party in Interest, De-
fendant—Appellee.

No. 03–35607.

D.C. No. CV–03–00971–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 22, 2003.

William G. Moore, pro se, Sheridan, OR,
for Plaintiff–Appellant.

Before GOODWIN, WALLACE, and
TROTT, Circuit Judges.

MEMORANDUM**

William G. Moore appeals pro se the
district court's judgment denying his appli-
cation for a writ of mandamus. We have
jurisdiction pursuant to 28 U.S.C. § 1291.
We review for an abuse of discretion the
district court's decision to issue a writ of
mandamus, *see Independence Mining Co.,
Inc. v. Babbitt,* 105 F.3d 502, 505 (9th
Cir.1997), and we affirm.

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Moore seeks a writ of mandamus requir-
ing the district court to hold an evidentiary
hearing, arguing that the prosecution
failed to disclose exculpatory evidence and
submitted perjured testimony. This court
previously affirmed the district court's de-
nial of Moore's 28 U.S.C. § 2255, which
raised the same arguments as he raises
here. Moore essentially seeks a second
review of his previously denied § 2255 mo-
tion through this application for a writ of
mandamus. As such, his application must
be denied. *See Ivy v. Pontesso,* 328 F.3d
1057, 1059 (9th Cir.2003) (stating that gen-
erally § 2255 provides the exclusive proce-
dural mechanism by which a federal pris-
oner may test the legality of his detention);
28 U.S.C. § 2255 (requiring that a second
or successive motion must be certified to
contain newly discovered evidence or a
new rule of constitutional law).

**AFFIRMED.**

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.