**Jersharo V. AMEY, Petitioner— Appellant,**

v.

**J.E. SLADE, Warden, Respondent— Appellee.**

**No. 03–56173.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 17, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jersharo V. Amey, Adelanto, CA, pro se.

Leon W. Weidman, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM [**]

Federal prisoner Jersharo V. Amey appeals pro se the district court's dismissal without prejudice for lack of jurisdiction over his 28 U.S.C. § 2241 petition for writ of habeas corpus challenging his conviction on grounds of actual innocence. We review de novo, *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988), and affirm.

Amey is incarcerated in the Central District of California but was convicted and sentenced in Kentucky. Prior to filing this challenge, the record indicates that Amey's murder conviction and 292–month sentence were affirmed in 1995 on appeal to the Sixth Circuit, and he had already filed one petition under 28 U.S.C. § 2255. He was therefore prohibited by the AEDPA from filing another § 2255 petition, unless he first obtained certification from the Court of Appeals that his petition was premised on newly discovered evidence or a new rule of constitutional law.

Absent that certification, Amey has couched his claim as a petition for habeas corpus under 28 U.S.C. § 2241 on the ground that section 2255's remedy is inadequate or ineffective. His section 2241 petition contends that Amey is actually innocent of second degree murder because his conviction was based on the trial court's use of an erroneous jury instruction.

This court recently held that section 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention, unless the petitioner demonstrates that he has never had an "unobstructed procedural shot" at presenting his claim. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The record here indicates that the jury instruction issue was raised in Amey's direct appeal from his conviction. *United States v. Amey*, 1995 WL 696680, unpublished memorandum disposition (6th Cir. 1995). Accordingly, Amey has had the opportunity to raise his claim previously, and the district court properly dismissed his section 2241 petition for lack of jurisdiction.

**AFFIRMED.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.