## Michael Allen KOKOSKI, Plaintiff—Appellant,

v.

## R.L. NORWOOD; et al., Defendants—Appellees.

### No. 07–55394.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 6, 2008.

Michael Allen Kokoski, Beaver, WV, pro se.

Before: HAWKINS, RAWLINSON and M. SMITH, Circuit Judges.

### MEMORANDUM **

Michael Allen Kokoski, a federal prisoner, appeals pro se from the district court's judgment dismissing his action for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of jurisdiction. *United States v. Neville,* 985 F.2d 992, 994 (9th Cir.1993). We review for abuse of discretion the denial of a motion for reconsideration. *Smith v. Pacific Props. and Dev. Corp.,* 358 F.3d 1097, 1100 (9th Cir.2004). We affirm.

The district court correctly determined that Kokoski's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 should have been brought as a motion under section 2255. *See Ivy v. Pontesso,* 328 F.3d 1057, 1059 (9th Cir. 2003) (stating that a prisoner may proceed under § 2241 if he can show that the remedy by motion under § 2255 is inadequate or ineffective to test the legality of his detention); *Lorentsen v. Hood,* 223 F.3d 950, 953 (9th Cir.2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test legality of detention.").

The district court properly determined that venue lay in the Southern District of West Virginia. *See* 28 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 2255(a); *see also Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir.2000) (stating that motions to contest the legality of a sentence must be filed in the sentencing court).

The district court did not abuse its discretion by denying Kokoski's motion for reconsideration because he failed to present any newly discovered evidence and failed to demonstrate the district court committed clear error. *See Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir.2001).

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.