**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WADE KNIGHT,

                Petitioner - Appellant,

   v.

H. A. RIOS, Jr.,

                Respondent - Appellee.

No. 11-15065

D.C. No. 1:09-cv-00823-AWI

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

Federal prisoner Wade Knight appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas petition. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"In general, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). Knight's contention that he was nonetheless entitled to invoke the "escape hatch" of section 2255 and raise his claim of actual innocence under 28 U.S.C. § 2241, *see id.* at 953-54, is unavailing. First, Knight has not shown that "no reasonable juror" would have convicted him in light of his new evidence. *See id.* at 954. Second, as Knight advised the district court, he previously presented his new evidence to the Third Circuit in an unsuccessful request for leave to file a second or successive motion under section 2255. *See Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) (to proceed under section 2241, petitioner "must never have had the opportunity to raise [his claim] by motion" under section 2255); *Marx v. Loral Corp.*, 87 F.3d 1049, 1056 (9th Cir. 1996) (appellant may not take a position on appeal that "direct[ly] contradict[s]" his position in district court).

**AFFIRMED.**