**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL MELLINGER,<br><br>　　　　Petitioner - Appellant,<br><br>　v.<br><br>PHILIP GUTTIERREZ and U.S.<br>PAROLE COMMISSION,<br><br>　　　　Respondents - Appellees. | No. 12-57045<br><br>D.C. No. 2:11-cv-08527-DMG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted July 24, 2013[**]

Before:　　ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

　　Federal prisoner Daniel Mellinger appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas petition.  We review de novo,

see *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003), and we affirm.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mellinger challenges a detainer lodged against him by the United States Parole Commission ("USPC") based on a 1999 parole violation arrest warrant. He contends that the detainer is unlawful because the USPC does not have authority over his parole under the law that was in effect at the time of his offense. According to Mellinger, statutory amendments extending the USPC's authority over his parole violate the Ex Post Facto Clause because the length of his punishment will be increased if the USPC executes the warrant and revokes his parole upon completion of his current sentence. Because Mellinger's claim rests only on hypothetical future action by the USPC, the district court correctly concluded that he has not shown that any retroactively applied law produces a significant risk of prolonging his incarceration. *See Garner v. Jones*, 529 U.S. 244, 255-56 (2000).

All pending motions are denied as moot.

**AFFIRMED.**