**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LESLIE LYLE CAMICK,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 17-3013
(D.C. No. 5:16-CV-03030-SAC-DJW)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Leslie Lyle Camick, proceeding pro se,[1] appeals from the denial of his

application for habeas relief under 28 U.S.C. § 2241. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.[2]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Camick is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson,* 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

## I. BACKGROUND

In 2014, Mr. Camick was convicted of mail fraud, wire fraud, material false statement to the U.S. Patent Office, three counts of aggravated identity theft, and obstruction of justice. He was sentenced to 48 months in prison. We affirmed the obstruction of justice conviction but reversed all of the other convictions. *United States v. Camick, 796 F.3d 1206,* 1210 (10th Cir. 2015). Following our decision, the district court entered an amended judgment on November 13, 2015, and sentenced Mr. Camick to time served plus one year of supervised release.

On January 28, 2016, Mr. Camick filed a § 2241 habeas application in the United States District Court for the District of Kansas challenging the validity of his conviction for obstruction of justice under 18 U.S.C. § 1513(e). On June 7, 2016, the court dismissed the action after determining that a § 2255 motion, rather than a § 2241 application, was the appropriate collateral remedy for a challenge to Mr. Camick's conviction. Mr. Camick filed a timely notice of appeal.

On appeal, he raises several challenges to the court's order, all of which attack the underlying validity of his obstruction of justice conviction, including allegations of (1) a *Brady* violation,[3] (2) insufficient evidence, (3) erroneous jury instructions, (4) ineffective assistance of counsel, and (5) actual innocence.

---

[2] A federal prisoner is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas application under § 2241. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

[3] *See Brady v. Maryland*, 373 U.S. 83 (1963).

## II. **ANALYSIS**

A threshold issue in this appeal is whether the district court was authorized to review Mr. Camick's habeas application under § 2241. A § 2241 application generally attacks the execution of a sentence rather than its validity. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). A § 2255 motion, on the other hand, "is ordinarily the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016).

In "rare instances," *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010), a prisoner may attack his underlying conviction by bringing a § 2241 habeas application under the "savings clause" in § 2255(e), *Hale*, 829 F.3d at 1165. The savings clause provides that "a federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism was 'inadequate or ineffective to test the legality of his detention.'" *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (quoting 28 U.S.C. § 2255(e)). "If a petitioner's argument challenging the legality of his detention could've been *tested* in a § 2255 motion," then the petitioner may not resort to the savings clause and § 2241. *Id.* at 584.

Mr. Camick is attempting to challenge the validity of his conviction and thus cannot seek relief under § 2241 unless the § 2255(e) "savings clause" applies. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013) ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction

to hear his habeas claims.").  Mr. Camick's arguments that § 2255 provides an "inadequate or ineffective" remedy in his case are unavailing.

First, he contends that § 2255 was "rendered inadequate" because he was already denied relief under a § 2255 motion he filed on September 22, 2016.  Aplt. Br. at 25, 64.  But a "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (quotations omitted).  Indeed, he included the claims he brings here in his § 2255 motion.  That the district court denied relief—correctly or not—does not change the fact that Mr. Camick had the opportunity to raise his arguments in a properly filed § 2255 motion.  *Prost*, 636 F.3d at 584-85 ("[A]n erroneous decision on a § 2255 motion doesn't suffice to render the § 2255 motion itself inadequate or ineffective." (quotations omitted)); *see Hale*, 829 F.3d at 1171 ("[A] procedural bar does not render § 2255 "inadequate or ineffective" under § 2255(e).");  *Zelaya v. Secretary, Florida Dept. of Corrections*, 798 F.3d 1360, 1370 (11th Cir. 2015) ("It is by now abundantly clear that the mere fact that a defendant faces a procedural bar in his first § 2255 motion[,] such as a limitations period or procedural default does not render the § 2255 motion *itself* inadequate." (quotations omitted)); *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) ("[T]he fact that [petitioner] is procedurally barred from raising [his claim] now does not mean that § 2255's remedy was 'inadequate or ineffective.'").

Second, he contends the savings clause applies because he is actually innocent. Aplt. Br. at 45-49.  But this court has held that "a showing of actual innocence is

- 4 -

irrelevant" to whether a remedy under § 2255 is inadequate or ineffective. *Abernathy*, 713 F.3d at 546 n.7. And again, he included his "actual innocence" claim in his § 2255 motion.

Mr. Camick has failed to show § 2255 was "inadequate or ineffective to test the legality of his detention," § 2255(e), and thus the district court lacked authority to review his application under § 2241. *Abernathy*, 713 F.3d at 557. Accordingly, we affirm.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge