NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO SOSA-SANCHEZ,<br><br>　　　　　Petitioner-Appellant,<br><br>　v.<br><br>BONITA S. MOSLEY,<br><br>　　　　　Respondent-Appellee. | No.　16-56375<br><br>D.C. No. 2:16-cv-02885-DSF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 16, 2018[**]
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and MENDOZA,[***]
District Judge.

Sergio Sosa-Sanchez appeals from the district court's denial of his 28 U.S.C.

§ 2241 habeas corpus petition. A federal prisoner challenging the legality of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Salvador Mendoza, Jr., United States District Judge for the Eastern District of Washington, sitting by designation.

1

sentence must generally do so by motion raised in the sentencing court pursuant to 28 U.S.C. § 2255. Section 2255 contains an exception—known as the "escape hatch" or "savings clause"—which allows petitioners to file a habeas corpus petition pursuant to § 2241 to contest a federal sentence where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* § 2255(e); *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Because Sosa-Sanchez cannot invoke § 2255's escape hatch, he was not entitled to proceed under § 2241, and we must dismiss his petition.

"A petition meets the escape hatch criteria where a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, the court considers: "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion'; and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060–61 (9th Cir. 2003)).

Sosa-Sanchez's petition fails because he cannot establish that he lacked an unobstructed procedural shot to bring the petition within the one-year § 2255 limitations period. Sosa-Sanchez is currently serving time on a 2015 conviction

16-56375

for illegal reentry based on the reinstatement of a 1995 deportation order. The substance of Sosa-Sanchez's § 2241 petition challenges his 2013 illegal reentry conviction under 8 U.S.C. § 1326 on the grounds that his initial deportation order was invalid because it relied on a state law conviction for being a felon in possession of a firearm under California Penal Code § 12021(c)(1), which is not a categorical match for a federal removal firearms offense. While Sosa-Sanchez makes a colorable argument regarding the validity of his conviction, the legal basis for this argument—the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013)—was available to him during the one-year § 2255 limitations period.

Because Sosa-Sanchez's petition did not qualify for § 2255's escape hatch, the district court lacked jurisdiction to hear the petition.

The district court's decision is **VACATED** and Sosa-Sanchez's petition is **DISMISSED**.