NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD LEWIS DAVIS, | No. 17-16796 |
| Petitioner-Appellant, | D.C. No. 4:17-cv-00045-JGZ |
| v. | |
| J. T. SHARTLE, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted August 15, 2018**

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Federal prisoner Donald Lewis Davis appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003), we affirm.

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Davis contends that the prison violated his procedural due process rights by imposing disciplinary sanctions on him without having warned him upon his arrival to the prison about the Inmate Discipline Program or about the fact that certain prohibited behaviors carry a mandatory "loss of good-time credit" sanction. He relies on the U.S. Bureau of Prisons ("BOP")'s program statements, and his contention that his signature was forged on an orientation attendance form, to support this claim. Even if the program statements were to demonstrate a prison policy of providing an overview of the Inmate Discipline Program's mandatory sanctions to incoming prisoners, a "habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). Thus, Davis cannot establish a due process violation.

Davis concedes that all disciplinary proceedings against him comported with the minimal procedural due process requirements outlined in *Wolff v. McDonnell*, 418 U.S. 539, 563-68 (1974). Therefore, the district court did not err by dismissing Davis's petition.

**AFFIRMED.**