**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS J. QUEEN, | No. 17-56602 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-05397-JFW |
| v. | |
| DAVID SHINN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted January 15, 2019[**]

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Federal prisoner Nicholas J. Queen appeals pro se from the district court's judgment denying his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Queen challenges a prison disciplinary proceeding in which he was sanctioned with the disallowance of good conduct time after he was found to have committed the prohibited act of attempted assault on another inmate. Queen maintains that his procedural due process rights were violated during the proceedings because the prison appointed his staff representative on the day of the disciplinary hearing and because he did not receive a copy of the Disciplinary Hearing Officer's report until after he began his administrative appeal. The record shows that the disciplinary proceedings complied with the procedural due process requirements delineated in *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974).

Queen next contends that, because he did not challenge the sufficiency of the evidence to support the disciplinary decision, the district court improperly applied *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), to his habeas petition. The district court's reliance on *Hill* was not error. After determining that the prison's disciplinary proceeding complied with *Wolff*, the district court correctly noted that due process requires "some evidence" to support the decision to revoke good time credits, *see Hill*, 472 U.S. at 455, and concluded that this standard was met in Queen's case.

**AFFIRMED.**