FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 3, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DERRICK JOHNSON,

    Petitioner - Appellant,

v.

DONALD HUDSON, Warden, USP - Leavenworth,

    Respondent - Appellee.

No. 21-3141
(D.C. No. 5:21-CV-03144-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Pro se petitioner Derrick Johnson, a prisoner in federal custody, moved for

habeas relief under 18 U.S.C. § 2241, to challenge his conviction. He argued the

Northern District of Texas, the district of his conviction, "refused to abide by

Supreme Court precedent under McWilliams v. Dunn, 137 S.Ct. 1790 (2017)[,]

regarding access to expert assistance," making his conviction unlawful. The District

of Kansas, the district of Petitioner's confinement, dismissed the petition without

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prejudice for lack of statutory jurisdiction.  Petitioner then filed a motion for reconsideration, which the District of Kansas construed as a Rule 59(e) motion and denied because Petitioner did not show his actual-innocence claim entitled him to proceed under 28 U.S.C. § 2255(e) or that the remedy under § 2255 was inadequate or ineffective to test the legality of his detention.  Our jurisdiction arises under 28 U.S.C. § 1291.  We affirm.

I.

After a jury found Petitioner guilty of bank robbery under 18 U.S.C. § 2113(a), the United States District Court for the Northern District of Texas sentenced him to 132 months' incarceration.  United States v. Johnson, Case No. 3-16-cr-00349 (N.D. Tex.).  Petitioner appealed, and the Fifth Circuit affirmed his conviction and sentence.  United States v. Johnson, 822 F. App'x 258, 263 (5th Cir. 2020) (per curiam) (unpublished).

Before trial, Petitioner filed an opposed motion seeking funds to retain a psychiatrist to evaluate his sanity at the time of the offense and a notice of intent to assert an insanity defense.  Id. at 259.  Before the district court resolved that motion, the government moved for a pretrial psychological examination.  Id.  The district court granted the government's motion, and a Bureau of Prisons psychologist examined Petitioner.  Id.  She concluded that no severe mental disease or defect rendered Petitioner unable to appreciate the nature and quality or wrongfulness of his actions at the time of the offense.  Id.  The magistrate judge then denied Petitioner's request for funds to retain two experts—a psychologist and a licensed professional

counselor—because Petitioner had not established that "the services of a psychologist were necessary for his defense." Id.

The Fifth Circuit determined that even if the district court incorrectly denied Petitioner's motion for funds, that decision "could not have affected the outcome of his proceedings," given the "voluminous evidence of [Petitioner's] guilt presented at trial[.]" Id. at 261. This evidence included still photographs of Petitioner committing the bank robbery from videotaped footage, the robbery note, Petitioner's possession of the bank's stolen cash when arrested, Petitioner's admission to investigators and a mental-health counselor that he robbed the bank, and Petitioner's commission of the robbery one day after finishing his prior bank-robbery sentence. Id.

Later, Petitioner, now an inmate at USP-Leavenworth, sought habeas relief under 28 U.S.C. § 2241 in the District of Kansas. Johnson v. Hudson, No. 21-3144-JWL, 2021 WL 2778468, at *1 (D. Kan. July 2, 2021). Petitioner argued that the Fifth Circuit "affirmed without addressing the merits of his claim that Supreme Court precedent mandated access to expert assistance" as required by McWilliams, 137 S. Ct. 1790. Id. He also challenged the validity of his conviction or sentence as imposed but admitted he never filed a 28 U.S.C. § 2255 motion. Id. He explained that § 2255 was inadequate or ineffective to challenge his conviction or sentence because "[i]ssues not addressed on direct appeal are barred from being raised in a § 2255 proceeding." Id. The district court determined Petitioner failed to show that

3

§ 2255 was inadequate or ineffective and dismissed the petition without prejudice for lack of statutory jurisdiction. Id. at *3.

Within twenty-eight days of the court's order dismissing his petition, Petitioner moved for reconsideration. Johnson v. Hudson, No. 21-3144-JWL, 2021 WL 3129424, at *1 (D. Kan. July 23, 2021). The district court construed it as a motion under Rule 59(e) and denied it because Petitioner brought forth no new evidence to prove his actual-innocence claim entitled him to proceed under § 2255(e). Id. at *1–3. And he failed to show that § 2255 is inadequate or ineffective to test the legality of his detention because a procedural bar does not render § 2255 inadequate or ineffective. Id. at *2–3. Petitioner appeals.

II.

We review de novo the district court's dismissal of Johnson's petition for lack of jurisdiction. Sandusky v. Goetz, 944 F.3d 1240, 1246 (10th Cir. 2019) (citing United States v. Luna-Acosta, 715 F.3d 860, 864 (10th Cir. 2013); Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)).

Section 2241 provides "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody under or by color of the authority of the United States" or "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). "Petitions under § 2241 are used to attack the execution of a sentence . . . ." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (citation omitted). The execution of a sentence may cover challenges to prison disciplinary proceedings, such as the deprivation of good-time credits, or matters

4

"affecting the fact or duration of the petitioner's custody," but not challenges to prison conditions. Id. at 812 ("Section 2241 actions are not used to challenge prison conditions such as 'insufficient storage locker space . . . and yes, being served creamy peanut butter . . . .'") (citation omitted)). "[I]n contrast, . . . § 2254 habeas and § 2255 proceedings . . . are used to collaterally attack the validity of a conviction and sentence." Id. at 811 (citation omitted). Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "[F]ederal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255." Prost v. Anderson, 636 F.3d 578, 580 (10th Cir. 2011). Congress created a single exception to that rule: "a federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" Id. (quoting 28 U.S.C. § 2255(e)). But § 2255 is "inadequate or ineffective" only in "extremely limited circumstances." Abernathy v. Wandes, 713 F.3d 538, 547 (10th Cir. 2013) (quoting Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999)) (citing Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011)). If "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion[,] . . . then the petitioner may not resort to [§ 2255(e)'s] savings clause

5

and § 2241." Id. (quoting Prost, 636 F.3d at 584). A procedural bar preventing a petitioner from raising matters in § 2255 does not render § 2255 "inadequate or ineffective" under § 2255(e). Hale v. Fox, 829 F.3d 1162, 1171 (10th Cir. 2016) (citations omitted).

## III.

Petitioner argues the district court erred by dismissing his § 2241 petition because: (1) the Northern District of Texas's denial of his request for funds to retain two mental-health experts (and the Fifth Circuit's affirmance of that denial) contradicted McWilliams, 137 S.Ct. at 1794; (2) § 2255(e)'s savings clause applies because § 2255's remedy is "inadequate or ineffective to test the legality of his detention"; and (3) § 2241 is the proper vehicle because he is not challenging his conviction but arguing his "confinement due to that conviction is in absolute violation of 'clearly established federal law.'" But as a threshold matter, we must determine whether Petitioner has satisfied § 2255(e)'s savings-clause test, permitting him to proceed under § 2241, because if he has not, then we "lack[] statutory jurisdiction to hear his habeas claim[]." Abernathy, 713 F.3d at 557 (citations omitted).

"[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative." Prost, 636 F.3d at 589. "To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." Id. "The savings clause doesn't guarantee results, only process." Id. at 590. And wrongfully

6

denying relief "does not render the procedural mechanism Congress provided for bringing that claim . . . an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." Id.

Petitioner spends much of his brief contending that the Northern District of Texas and the Fifth Circuit erred by denying his request for funds to retain two mental-health experts and affirming that denial. But even if those courts erred, "[a]bsent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) (citing United States v. Nolan, 571 F.2d 528, 530 (10th Cir. 1978)). Petitioner does not assert there was an intervening change in law—he argues only the Northern District of Texas and Fifth Circuit's decisions contradict McWilliams, 137 S.Ct. at 1794. Thus, he could not bring that claim in a § 2255 motion. And that "procedural bar does not render § 2255 'inadequate or ineffective' under § 2255(e)." Hale, 829 F.3d at 1171 (citing Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015); Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003)). We therefore lack statutory jurisdiction to hear his claim.

Even so, Petitioner contends § 2255(e)'s savings clause applies because "absolutely no 'procedural bar' can supersede the individual rights established under the Constitution" and the Northern District of Texas and Fifth Circuit's failure to follow McWilliams renders his conviction and sentence invalid. But "[i]t is [Petitioner's] burden to show that he meets § 2255(e)'s savings clause." Abernathy,

7

713 F.3d at 549 (citing Prost, 636 F.3d at 584).  And his statement that no procedural bar can prevent him from asserting his claim in a § 2241 petition, without citation to any authority, does not satisfy his burden.

The Fifth Circuit considered and resolved Petitioner's claim on direct appeal, and our precedent makes clear that once a court determines a claim on direct appeal, a petitioner cannot ordinarily bring it again in a § 2255 motion.  Hale, 829 F.3d at 1171 (citing Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007) ("A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal.  Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances.")).  That procedural bar does not render § 2255 "inadequate or ineffective" under § 2255(e), id. (citations omitted), even if the Fifth Circuit's decision displeases Petitioner.  Thus, the District of Kansas properly dismissed without prejudice Petitioner's § 2241 petition for lack of statutory jurisdiction.[1]

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[1] In light of the panel's decision in this order and judgment, Petitioner's two pending motions to expedite filed on October 18, 2021, and February 22, 2022, are denied as moot.